UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN RILEY,<br><br>Plaintiff,<br><br>v.<br><br>DUKE REALTY CORPORATION, SCOTT P. ANDERSON, JOHN P. CASE, JAMES B. CONNOR, TAMARA D. FISCHER, KELLY T. KILLINGSWORTH, MELANIE R. SABELHAUS, PETER M. SCOTT, III, DAVID P. STOCKERT, CHRIS T. SULTEMEIER, WARREN M. THOMPSON, and LYNN C. THURBER,<br><br>Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>JURY TRIAL DEMAND |

Plaintiff Sean Riley ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Duke Realty Corporation ("Duke Realty" or the "Company") and Duke Realty's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Prologis, Inc. through its subsidiaries Compton Merger Sub LLC ("Prologis Merger Sub"), Prologis, L.P. ("Prologis OP"), Compton Merger Sub OP LLC, and Duke Realty Limited Partnership ("Duke Realty OP") (collectively "Prologis").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on August 2, 2022. The Proxy

1

recommends that Duke Realty stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Duke Realty is acquired by Prologis. The Proposed Transaction was first disclosed on June 13, 2022, when Duke Realty and Prologis announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Duke Realty's stockholders will receive 0.475 Prologis shares for each share of Company stock they own (the "Merger Consideration"). The deal is valued at approximately $26 billion and is expected to close in the fourth quarter of 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Duke Realty management, as well as the financial analyses conducted by Morgan Stanley & Co., LLC ("Morgan Stanley"), Duke Realty's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Duke Realty's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Duke Realty's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Duke Realty.

6. Defendant Duke Realty is a corporation organized and existing under the laws of the State of Indiana. The Company's principal executive offices are located at 8711 River Crossing Boulevard, Indianapolis, Indiana 46240. Duke Realty common stock trades on the New York Stock Exchange under the symbol "DRE."

7. Defendant James B. Connor has been a director, Chairman of the Duke Realty board of directors, and Chief Executive Officer of the Company at all times relevant hereto.

8. Defendant Scott B. Anderson has been a director of the Company at all times relevant hereto.

9. Defendant John P. Case has been a director of the Company at all times relevant hereto.

10. Defendant Tamara D. Fischer has been a director of the Company at all times relevant hereto.

11. Defendant Kelly T. Killingsworth has been a director of the Company at all times relevant hereto.

12. Defendant Melanie R. Sabelhaus has been a director of the Company at all times relevant hereto.

13. Defendant Peter M. Scott, III, has been a director of the Company at all times relevant hereto.

14. Defendant David P. Stockert has been a director of the Company at all times relevant hereto.

15. Defendant Chris T. Sultemeier has been a director of the Company at all times relevant hereto.

16. Defendant Warren M. Thompson has been a director of the Company at all times

relevant hereto.

17. Defendant Lynn C. Thurber has been a director of the Company at all times relevant hereto.

18. Nonparty Prologis is a corporation incorporated in Maryland. Prologis's principal executive offices are located at Pier 1, Bay 1, San Francisco, California 94111. Prologis common stock trades on the New York Stock Exchange under the symbol "PLD."

19. Nonparty Prologis Merger Sud is a newly created wholly owned subsidiary of Prologis. Nonparty Prologis OP was formed in 1997 and is the primary operating subsidiary of Prologis. Compton Merger Sub OP LLC is a wholly owned subsidiary of Prologis OP. Duke Realty OP is the primary operating subsidiary of Duke Realty.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

21. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

22. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

**FURTHER SUBSTANTIVE ALLEGATIONS**

A. Background of the Company and the Proposed Transaction

23.     Duke Realty owns and operates approximately 164.9 million rentable square feet of industrial assets in 19 major logistics markets. Duke Realty is publicly traded on the NYSE under the symbol DRE and is a member of the S&P 500 Index.

24.     On June 11, 2022, the Company entered into the Merger Agreement with Prologis.

25.     According to the press release issued on June 13, 2022 announcing the Proposed Transaction:

> **PROLOGIS TO COMBINE WITH DUKE REALTY IN $26 BILLION ALL-STOCK TRANSACTION**
>
> *Portfolio addition will drive long-term shareholder growth*
>
> SAN FRANCISCO and INDIANAPOLIS, June 13, 2022 /PRNewswire/ -- Prologis, Inc. (NYSE: PLD) and Duke Realty Corporation (NYSE: DRE) today announced that the two companies have entered into a definitive merger agreement by which Prologis will acquire Duke Realty in an all-stock transaction, valued at approximately $26 billion, including the assumption of debt. The respective board of directors for Prologis and Duke Realty have unanimously approved the transaction.
>
> "We have admired the disciplined repositioning strategy the Duke Realty team has completed over the last decade," said Prologis Co-founder, CEO and Chairman Hamid R. Moghadam. "They have built an exceptional portfolio in the U.S. located in geographies we believe will outperform in the future. That will be fueled by Prologis' proven track record as a value creator in the logistics space. We have a diverse model that allows us to deliver even more value to customers."
>
> With the transaction, Prologis is gaining high-quality properties for its portfolio in key geographies, including Southern California, New Jersey, South Florida, Chicago, Dallas and Atlanta.
>
> The acquisition on an owned and managed basis comprises:
>
> - 153 million square feet of operating properties in 19 major U.S. logistics geographies.
> - 11 million square feet of development in progress - about $1.6 billion in total expected investment.
> - 1,228 acres of land owned and under option with a build-out of

> approximately 21 million square feet.

Prologis plans to hold approximately 94% of the Duke Realty assets and exit one market.

"This transaction is a testament to Duke Realty's world-class portfolio of industrial properties, long-proven success and sustainable value creation we've delivered over the years," said Duke Realty Chairman and CEO Jim Connor. "We have always respected Prologis, and after a deliberate and comprehensive evaluation of the transaction and the improved offer, we are excited to bring together our two complementary businesses. Together, we will be able to accelerate the potential of our business and better serve tenants and partners. We are confident that this transaction – including the meaningful opportunity it provides for shareholders to participate in the growth and upside from the combined portfolio — is in the best long-term interest of Duke Realty shareholders."

The transaction is anticipated to create immediate accretion of approximately $310-370 million from corporate general and administrative cost savings and operating leverage as well as mark-to-market adjustments on leases and debt. In year one, the transaction is expected to increase annual core funds from operations* (Core FFO), excluding promotes per share by $0.20-0.25. On a Core AFFO basis, excluding promotes, the deal is expected to be earnings neutral in year one.

Further, future synergies have the potential to generate approximately $375-400 million in annual earnings and value creation, including $70-90 million from incremental property cash flow and Essentials income, $5-10 million in cost of capital savings and $300 million in incremental development value creation.

"This transaction increases the strength, size and diversification of our balance sheet while expanding the opportunity for Prologis to apply innovation to drive long-term growth," said Tim Arndt, Prologis' chief financial officer. "In addition to generating significant synergies, the combination of these portfolios will help us deliver more services to our customers and drive incremental long-term earnings growth."

Under the terms of the agreement, Duke Realty shareholders will receive 0.475x of a Prologis share for each Duke Realty share they own. The transaction, which is currently expected to close in the fourth quarter of 2022, is subject to the approval of Prologis and Duke Realty shareholders and other customary closing conditions.

B. **The Materially Incomplete and Misleading Proxy**

26. On August 2, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary

6

for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

27. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Morgan Stanley's fairness opinion, Morgan Stanley reviewed "certain financial projections prepared by the managements of Duke Realty and Prologis, respectively, including certain adjustments to the financial projections prepared by Prologis with guidance from Duke Realty management (which were reviewed and approved for Morgan Stanley's use by Duke Realty management)." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Duke Realty's management provided to the Board and Morgan Stanley.

28. Notably, Defendants failed to disclose the line-item entries forming the basis of the calculations of: (a) AFFO, Excluding Gains and Promotes; (b) AFFO, Excluding Gains and Promotes/Share; and (c) Unlevered Free Cash Flow.

29. Additionally, with respect to the "Combined Company on a Pro Forma Basis Giving Effect to the Mergers," the Proxy likewise fails to disclose the line-item entries forming the basis of the calculations of: (a) AFFO, Excluding Gains and Promotes; (b) AFFO, Excluding Gains and Promotes/Share; and (c) Unlevered Free Cash Flow.

30. The Proxy also fails to disclose the line item entries forming the basis of the calculations of: (a) EBITDA; (b) Core FFO; (c) AFFO; (c) Core FFO per share; and (d) AFFO per share.

31.     This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses*

32.     With respect to the *Comparable Public Company Analysis*, the Proxy fails to disclose the specific financial multiples and metrics for the selected companies.

33.     With respect to the *Dividend Discount Analysis*, the Proxy fails to disclose: (a) Duke Realty's range of implied terminal values; (b) the key data, inputs, and assumptions underlying the range of illustrative perpetuity growth rates applied by Morgan Stanley; (c) the key data, inputs, and assumptions underlying the range of discount rates applied by Morgan Stanley; (d) Duke Realty's weighted average cost of capital; (e) the number of shares of Company common stock on a fully diluted basis; and (f) the Company's total debt and cash and cash equivalents as of April 29, 2022.

34.     With respect to the *Premiums Paid Analysis*, the Proxy fails to disclose the premiums paid in the transactions analyzed.

35.     With respect to the *Wall Street Research Analyst Price Targets and NAV Targets Analysis*, the Proxy likewise fails to disclose the price targets and their sources analyzed by Morgan Stanley.

36.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff was not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

37. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

38. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

39. Further, the Proxy indicates that on June 11, 2022, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Duke Realty stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

40. Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

41. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42. Defendants have filed the Proxy with the SEC with the intention of soliciting Duke

Realty stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

43. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Duke Realty, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

44. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

45. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Duke Realty's shares and the financial analyses performed by Morgan Stanley in support of its fairness opinion.

46. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Morgan Stanley reviewed and discussed its financial analyses with the Board on June 11, 2022, and further states that the Board

considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

47. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

48. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Duke Realty within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Duke Realty and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the

Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

52. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Duke Realty stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.  In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.  Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.  Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 14, 2022              **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*